IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BH MANAGEMENT as agent for STONE RIDGE AT VININGS APTS, <br><br> Plaintiff, <br><br> v. <br><br> DEVERICK WOOTEN, *and all other occupants*, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> 1:18-cv-4818-ODE-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Deverick Wooten's application for leave to proceed *in forma pauperis* ("IFP") on his notice of removal of a state dispossessory action to this Court. [Doc. 1.] Wooten's request to proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED** for the limited purpose of remand. Because this Court does not have subject matter jurisdiction over the removal action, the undersigned further **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Cobb County.

In the underlying dispossessory action, filed on September 11, 2018, Plaintiff BH Management, as agent for Stone Ridge at Vinings Apts, ("BHM") alleged that Wooten failed to pay rent. [Doc. 1-1 at 3.] BHM demanded possession of the premises, past due rent of $1,243.00, rent accruing at $41.41 per day, costs and fees of $275.00, and other court costs. [*Id.*] In his notice of removal, Wooten contends that this Court has jurisdiction over the case based upon federal question jurisdiction because BHM violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA"). [Doc. 1-1 at 1-2.]

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Here, however, the underlying case is a state dispossessory action containing no federal claim. [Doc. 1-1 at 3.] Thus, removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv-

357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015). Even if Wooten wished to raise counterclaims based on federal statutes such as the FDCPA or the FHA, this Court may look only to the complaint itself to determine whether there is federal question jurisdiction over the action. *See Anderson*, 529 U.S. at 6.

Although Wooten does not raise it as a basis for removal, it is also clear to the Court that there is no diversity jurisdiction under 28 U.S.C. § 1332(a). First, it appears that Wooten is a Georgia citizen, and therefore cannot remove the dispossessory case—filed in state court in Georgia—to federal court. 28 U.S.C. § 1441(b)(2). Further, BHM's dispossessory claim against Wooten cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in § 1332(a), and the demand for fees and costs in the complaint is well below the $75,000.00 threshold in § 1332(a). *See* 28 U.S.C. § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy). Thus, the amount-in-controversy requirement in § 1332(a) is not met by BHM's demand for possession

of the property, rent due, and a small amount in fees and costs. *See* 28 U.S.C. § 1332(a).

In sum, the Court **GRANTS** Wooten's application for leave to proceed IFP for the limited purpose of remand. [Doc. 1.] Because it is clear that this Court lacks subject matter jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Cobb County.

IT IS SO ORDERED AND RECOMMENDED this 24th day of October, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge